IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOMANBHOY FAMILY LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08 CV 3787 |
| McDONALD'S CORPORATION, McDONALD'S USA, LLC, RICK LEVIN & ASSOCIATES, INC., and RICK LEVIN, | ) ) ) ) ) | Honorable Joan B. Gottschall Magistrate Judge Cole |
| Defendants. | ) | |

**MOTION FOR PRELIMINARY INJUNCTION OR,
ALTERNATIVELY, TEMPORARY RESTRAINING ORDER**

Plaintiff, Nomanbhoy Family Limited Partnership ("NFLP"), by its attorneys, pursuant to Fed. R. Civ. P. 65(a), and alternatively Rule 65(b), moves the Court to enter a preliminary injunction against Defendants McDonald's Corporation and McDonald's USA, LLC (collectively "McDonald's") enjoining them and their officers, agents, employees or nominees from selling, conveying, transferring, hypothecating, or otherwise diluting NFLP's potential title and ownership in and to, the five parcels of real estate that are the subject of this litigation. Although there are other Defendants in this litigation, the injunction does not impact them, as they are not the sellers of the Five Subject Properties.

This is an emergency because the McDonald's Defendants will likely complete those property sales by Tuesday, August 5, 2008.

In support of this Motion, NFLP submits the Affidavit of Shabbir T. Nomanbhoy ("Nomanbhoy"), with authenticated exhibits, a Memorandum of Law, and a proposed Order. Based

upon NFLP's submissions, it has satisfied the tests for a preliminary injunction or temporary restraining order, including showing (1) a strong likelihood of success on the merits, (2) irreparable harm if the injunction is not granted, (3) an inadequate remedy at law, (4) a balance of the equities in its favor, and (5) no public injury if the injunction is granted.

1. NFLP is the contract purchaser from McDonald's of five parcels of real estate in Illinois, Wisconsin and Indiana (the "Five Subject Properties"). The specific addresses of the Five Subject Properties are set forth in the Nomanbhoy Affidavit. (¶ 4.)

2. The key issue in the case is whether NFLP had a purchase and sales contract for the Five Subject Properties with McDonald's or its nominees. The subject contract is the Real Estate Sales Contract ("RESC") attached to the First Amended Complaint and the Nomanbhoy Affidavit as Exhibit A. In this injunction motion, NFLP shows that it has an enforceable contract to purchase the Five Subject Properties from McDonald's or its nominees, and that NFLP has satisfied the conditions of performance by making the required earnest money deposit.

3. The RESC was to be a bulk sale single price purchase for the Five Subject Properties in lieu of an auction of each parcel separately. (Nomanbhoy Affid., ¶¶ 4, 5.) McDonald's did not complete the sale to NFLP. Rather, on June 19, 2008, McDonald's and the other Defendants auctioned the Five Subject Properties, selling them to other buyers. (Nomanbhoy Affid., ¶ 26.)

4. Substantially all of the communications – email and verbal – that formed the contract between NFLP and the agents or representatives of McDonald's occurred over a 12-hour period on June 18, 2008. NFLP submits that there are few factual disputes regarding the contents of those negotiations, as the numerous emails reflect the parties' negotiations and agreement. The essential emails are attached as exhibits to the Nomanbhoy Affidavit.

5.      Accordingly, the Court is primarily requested to apply Illinois contract law (per the choice of law clause in the RESC) to the facts in order to preliminarily find that NFLP has a contract with McDonald's to purchase the Five Subject Properties.

6.      NFLP has a strong likelihood of success on the merits because there was a meeting of the minds of the parties derived from offer and acceptance on June 18, 2008. (Nomanbhoy Affid., ¶¶ 6-20.) McDonald's actions on June 18, 2008 after Nomanbhoy accepted McDonald's terms and stated that "the contract is acceptable" can only be construed as a meeting of the minds. Consideration was also provided, as NFLP timely made its $210,00 earnest money deposit to the escrowee on June 19, 2008, well before the start of the auction. (Nomanbhoy Affid., ¶¶s 21-22.) McDonald's has never claimed otherwise. At that moment, McDonald's agent and the auctioneer was "preparing to tell bidders that there is no auction." *Id*.

7.      NFLP will suffer irreparable harm if the injunction is not entered and McDonald's sells or conveys the Five Subject Properties to other purchasers. The Five Subject Properties are unique parcels for which NFLP has development plans. (Nomanbhoy Affid., ¶ 27.) Thus, if the sales are not enjoined, NFLP will lose both the current and future unique features of the real estate. Although NFLP has recorded *lis pendens* notices for each of the Five Subject Properties, they do not prevent McDonald's from completing the sales to the other buyers. While the *lis pendens* notices may put the other buyers on notice of NFLP's claim here, pursuing relief against those other buyers is not assured, and the Five Subject Properties may be removed from the reach of NFLP and this Court.

8.      NFLP has no adequate remedy at law. Sales of the Five Subject Properties to other buyers will substantially impair NFLP's short-term and long-term property interests, including both

ownership of the Five Subject Properties and ownership of any future developments on them. Although NFLP has included a claim for damages in the First Amended Complaint, Seventh Circuit law states that that alone does not mean there is an adequate remedy at law, particularly where, as here, it is difficult to precisely quantify those damages at this time.

9.　　On balance, the equities strongly weigh in NFLP's favor. Whereas NFLP may be fully deprived of the unique real estate if an injunction is not granted, McDonald's will not be deprived of its title if the injunction is granted. On the other hand, the denial of NFLP's development opportunities if the injunction is not granted impairs NFLP substantially more than McDonald's may be affected by any short-term disruption of its sales to the other buyers. Also, the equities weigh in NFLP's favor because it has made a strong showing of the likelihood of success on the merits. Finally, McDonald's actions – including increasing the sale price by $200,000 after a deal was reached at $1.2 million – reflect bad faith for which McDonald's should not be rewarded. (Nomanbhoy Affid., ¶¶s 11, 13-14.)

10.　　An injunction will not affect or impair any public rights. The transactions here are solely between private parties.

11.　　Any injunction entered should be without bond because NFLP has already deposited $210,000 with McDonald's escrow agent. McDonald's agent still has those funds. Those funds are adequate security under Fed. R. Civ. P. 65(c) to cover any claims by McDonald's for costs and damages if the injunction is found to have been wrongfully granted. This is particularly true where, again, NFLP has made a strong showing of the likelihood of success on the merits.

WHEREFORE, for the reasons stated above and as amplified in the accompanying Memorandum of Law, the Nomanbhoy Family Limited Partnership requests that this Court enter a

preliminary injunction, or, alternatively, a temporary restraining order, enjoining the McDonald's Defendants and their officers, agents, employees or nominees from selling, transferring, conveying, hypothecating, or in any way diluting title in and to, the Five Subject Properties, without additional Rule 65(c) security. In the event that the Court enters a temporary restraining order, the Nomanbhoy Family Limited Partnership additionally requests an order permitting expedited discovery and setting this matter for later hearing of a Motion for Preliminary Injunction.

          NOMANBHOY FAMILY LIMITED PARTNERSHIP,
          Plaintiff


          By _____s/Stuart M. Widman_____
                  One Of Its Attorneys


Stuart M. Widman
Miller Shakman & Beem LLP
180 North LaSalle Street, Suite 3600
Chicago, Illinois  60601
312-263-3700
Attorney No. 3010104