IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOMANBHOY FAMILY LIMITED PARTNERSHIP, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 CV 3787 |
| v. | ) ) ) | Hon. Joan B. Gottschall Mag. Judge Jeffrey Cole |
| McDONALD's CORPORATION, McDONALD's USA, LLC, RICK LEVIN & ASSOCIATES, INC., and RICK LEVIN, | ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE *INSTANTER* A SUR-REPLY
TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR A PRELIMINARY INJUNCTION**

McDonald's Corporation and McDonald's USA, LLC (collectively "McDonald's"), by their counsel, Tabet DiVito & Rothstein LLC, respectfully move this Court for leave to file *instanter* a sur-reply to plaintiff's reply brief in support of its motion for a preliminary injunction. (A copy of McDonald's Sur-Reply is attached hereto as Exhibit 1.) In support of this motion, McDonald's states as follows:

1.  Plaintiff's reply brief mischaracterizes the facts and misstates the law in Illinois. McDonald's therefore seeks leave to file a short 3-page sur-reply.

2.  McDonald's does not make this motion for the purpose of delaying the proceedings, and its sur-reply will cause plaintiff no prejudice.

WHEREFORE, McDonald's respectfully asks that this Court grant it leave to file *instanter* the sur-reply attached as Exhibit 1 to this motion and grant any further relief appropriate in the circumstances.

August 14, 2008                     McDONALD'S CORPORATION and
                                    McDONALD'S USA, LLC
                                    By:   s/ Karina H. DeHayes
                                          One of Their Attorneys

Karina H. DeHayes
Brian C. Haussmann
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle St., 7th Floor
Chicago, IL  60604
Tel:  (312) 762-9450

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOMANBHOY FAMILY LIMITED PARTNERSHIP, </br></br> Plaintiff, </br></br> v. </br></br> McDONALD's CORPORATION, McDONALD's USA, LLC, RICK LEVIN & ASSOCIATES, INC., and RICK LEVIN, </br></br> Defendants. | Case No. 08 CV 3787 </br></br> Hon. Joan B. Gottschall </br> Mag. Judge Jeffrey Cole |

### SUR-REPLY TO PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION

McDonald's Corporation and McDonald's USA, LLC (collectively "McDonald's"), by their counsel, Tabet DiVito & Rothstein LLC, respectfully file this sur-reply.

Plaintiff's reply brief mischaracterizes the facts and misstates the law in Illinois regarding (a) the statute of frauds and (b) the mirror image rule related to the formation of contracts. Similar to plaintiff's opening brief, plaintiff's reply brief attempts to confuse this Court. Indeed, plaintiff actually cites provisions from at least two different proposals – the June 18 a.m. Proposal (attached to McDonald's Opp. as Exhibit 7) and the June 19 a.m. Proposal (Opp. Ex. 12), to make it appear as though the same provisions existed in the June 18 a.m. Proposal and the June 19 a.m. Proposal when they do not. (Reply at 3-4.)

In this case, as McDonald's response brief made clear, the detail and timing of events are essential. These details confirm McDonald's two primary arguments: (1) that the Statute of Frauds is dispositive because there was no final signature by McDonald's after the agreed upon terms were allegedly reached; (2) the mirror-image rule, which is strongly applied in Illinois, demonstrates no contract formation on the alleged contract plaintiff is attempting to enforce.

### The Statute of Frauds Is Dispositive of Plaintiff's Claims

Plaintiff's reply brief misstates Illinois law by attempting to confuse and merge what are actually two requirements under the Illinois Statute of Frauds: (1) a contract or series of writings that evidence a contract, and (2) an authorized and valid signature on the contract or writings evidencing the contract *after* the parties have agreed to the terms. Even assuming that an e-mail

signature is sufficient "signature" under the Illinois Statute of Frauds, the details and timing of the events defeat plaintiff's only argument to avoid the signature requirement of the Statute of Frauds.

The plaintiff does not contest in either its opening or reply brief the following facts:

- McDonald's makes the June 18 a.m. Proposal; the June 18 a.m. Proposal contains McDonald's signature by Bruce Neumann dated June 18, 2008 and sent *on the morning of June 18*. (June 18 a.m. Proposal, Opp. Ex. 7.)[1]

- Plaintiff rejects the June 18 a.m. Proposal and makes a counter-offer under clear Illinois law.

- Neither Bruce Neumann nor anyone from McDonald's re-executes or initials (formal signature) the June 18 a.m. Proposal during the evening of June 18 or on June 19, and never sends an e-mail (e-mail signature) re-offering the June 18 a.m. Proposal containing the same terms therein.

- Ira Lauter of RLA never executes (formal signature) or sends an e-mail (e-mail signature) offering or reviving the June 18 a.m. Proposal, even *if* he were authorized to do so.

In sum, despite two attempts in its opening and reply, plaintiff fails to establish the clear second requirement in the Illinois Statute of Frauds – that an agreement be signed by the party to be charged (whether by formal handwritten signature or by e-mail). Plaintiff's reply brief ignores that plaintiff rejected the June 18 a.m. Proposal which contained McDonald's valid signature on the morning of June 18 agreeing to the specific terms therein. Plaintiff's attempt to cobble together the e-mails during the evening of June 18 to constitute McDonald's "signatures via e-mail," at best indicate McDonald's "signature" on (1) a letter from Mary Meyer identifying the escrow agent pursuant to plaintiff's request, and (2) a wiring request from Bruce Neumann indicating, consistent with the June 19 a.m. Proposal but inconsistent with the June 18 a.m. Proposal, that the money must be received during the morning of June 19.[2]

---

[1] Interestingly, the June 18 a.m. Proposal (Opp. Ex. 7) also contains Nomanbhoy's signature from June 16, 2008, which related to a previous offer made by plaintiff. Unlike plaintiff, however, McDonald's is not arguing that simply because Nomanbhoy's signature dated June 16, 2008 is on the June 18 a.m. Proposal, the two parties had a binding enforceable contract as soon as McDonald's sent the June 18 a.m. Proposal merely because it contains two signatures. Timing and logic is essential to examining the "signature" under the Statute of Frauds. *See Midwest Mfg. Holding, LLC v. Donnelly Corp.*, 1998 WL 59500 at *4 (N.D. Ill. Feb 6, 1998); *D'Agostino v. Bank of Ravenswood*, 205 Ill. App. 3d 898, 903 (1st Dist. 1990); *Whitelaw v. Brady*, 3 Ill. 2d 583, 591 (1954).

[2] All parties, including plaintiff, contemplated that a revised contract, namely the June 19 a.m. Proposal, would be sent and executed. (*See* Opp. Br. at 5.)

### The Mirror Image Rule Bars Plaintiff's Claim

Plaintiff further misstates Illinois law by asserting that "[t]o form a valid contract, there need only be mutual assent on the essential terms and conditions, not all terms exactly." (Reply at 11.) Plaintiff invites the Court to focus on the "major" terms of the alleged contract and to disregard the fact that, even as plaintiff was allegedly accepting the June 18 a.m. Proposal, it was proposing changes to the survey requirement, the penalty provision, the escrowee and the dates contained in that proposal. (*See* Opp. Ex. 11.) Not surprisingly, plaintiff now characterizes these latter terms as "inconsequential" and "minor." (Reply at 12, 13.) Plaintiff confuses the requirements for contract formation with the requirements of the Statute of Frauds. As its own authority makes clear, the Statute of Frauds requires certain "essential" terms of a contract to be in writing. *See Trustmark Ins. Co. v. General & Cologne Life*, 424 F.3d 542, 549, 551 (7th Cir. 2005) (holding that the Statute of Frauds was not satisfied where plaintiff sought to "cobble together a sufficient writing where none exist[ed]"). For purposes of contract formation, however, in order for a valid acceptance of an offer to take place, the acceptance must be unequivocal and must match exactly the terms of the offer. *See Whitelaw v. Brady*, 3 Ill. 2d 583, 589 (1954). Here, even aside from its failure to satisfy the Statute of Frauds, plaintiff never unequivocally accepted an open offer and no contract was formed. Rather, plaintiff conditioned his "acceptance" of the proposed restrictive covenant on a reduction in price, and later conditioned his "acceptance" of the $1.4 million price term on changes to the survey requirement, the penalty provision, the escrowee and the dates. (Opp. Ex. 11; Nomanbhoy Aff. Ex. D.) Even if "minor," plaintiff's suggested changes to the terms constituted a rejection of any offers. *See Finnin v. Lindsay, Inc.*, 366 Ill. App. 3d 546, 549 (3rd Dist. 2006) (holding that "minor" changes to a written agreement by the plaintiff, even though agreed to orally by the parties, constituted a rejection and counteroffer).

Respectfully submitted,

August 14, 2008

McDONALD'S CORPORATION and
McDONALD'S USA, LLC
By: ___s/ Karina H. DeHayes___
One of Their Attorneys

Karina H. DeHayes
Brian C. Haussmann
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle St., 7th Floor
Chicago, IL  60604

3